JOHN H. LOHAUS v. JOHN HAGGERTY ET AL.

WHERE TAX IS LISTED AGAINST WRONG PROPERTY, PREMISES SUBJECT TO ARE NOT CHARGED WITH DOW TAX AT TAX SALE.

When the "Dow law" tax for the year 1886, against a person chargeable therewith, was entered upon the duplicate for that year against such person, but by the mistake of the auditor a different property was described on such duplicate, and such tax was not paid and could not be collected; and when the premises on which said business had been carried on in 1886, had been forfeited to the state for the non-payment of the general taxes thereon, and at the sale of forfeited lands made in December, 1889, said premises were sold to a purchaser who had no knowledge of the non-payment of such Dow law tax, and the auditor having discovered in 1890 that such tax for 1886, had, by mistake, not been charged against such premises, cannot place the same on the duplicate of 1890, against the same and demand payment thereof from such purchaser, under sec. 2803, Rev. Stat., or by any other law, and such assessment was not a valid lien on said premises owned by such purchaser.

Appeal from the Court of Common Pleas of Hamilton county.

SMITH, J.

The petition in this case was filed by the plaintiff to enjoin the defendants, the auditor and treasurer of this county, from taking steps to enforce the collection of a tax of $120 under the Dow law, by a sale of certain real estate owned by the plaintiff. The facts as agreed upon are substantially as follows, viz.:

During the year 1886, one Sontag was engaged in the business of trafficking in spirituous, vinous and malt liquors at 378 McMicken Avenue, situate on part of lot 32 of Morris & Goodwin's subdivision, and became liable to pay the Dow law tax upon said business, and such tax and penalty amounting to $120, is still unpaid. By a clerical error of the Auditor of Hamilton county, said tax was listed against Sontag as occupying premises 368 McMicken Avenue, the same not being part of said lot No. 32. On the tax becoming due in February, 1887, the treasurer could find no personal property of Sontag on which to levy for the payment of the same, of which he made due and legal return.

That afterwards said lot 32, on which the saloon had been kept, became forfeited to the state of Ohio for failure of the owner to pay the (general) taxes thereon, and at the sale of forfeited lands on the 2nd Monday of December, 1889, it was sold to the plaintiff, and the same was conveyed to him by the auditor of the county, on June 9, 1890. That previous to and at the time of such forfeiture sale, there was nothing on the tax duplicate, nor on the records of the auditor's office, to show that the said Dow law tax was a lien upon any portion of the property bought by said plaintiff at said forfeiture sale; but it was charged in the Dow tax book in said office against said Sontag, but plaintiff had no knowledge of this.

That the error in charging said Dow tax on the wrong property was discovered by the auditor in 1890, and it was then after the sale of the lot No. 32 to the plaintiff, charged against said lot No. 32, in the name of the plaintiff on the duplicate of 1890, and demand made upon him for the payment thereof, which was refused, and this action brought by him.

By secs. 8092-9, Rev. Stat., (S. & B.), the assessment for a tax of this kind attaches to and becomes a lien upon the real property in which such business is conducted, as of the fourth Monday of May of each year that the business is so carried on. Under the provisions of secs. 8092-11, if the tax is not paid at the

time required by the law, it must be collected by the county treasurer by a levy on personal property of the person charged therewith, if it can be done. If it cannot be so collected, the county auditor, on proper return made by the treasurer, is required to place the amount thereof due and unpaid, on the tax duplicate against the real estate in which said traffic is carried on, and the same shall be collected as other taxes and assessments on said premises. It is conceded that this was not done in 1887, but was by the auditor assessed on wholly different premises, and was not assessed against this property until 1890, and after the sale of it to plaintiff at the forfeited land sale in December, 1889.

The only section of the statute to which we have been referred, or with which we are familiar, which gives to the auditor of the county the right to add to the duplicate of the current year, taxes omitted by error or mistake from the duplicate of former years, is sec. 2803. In effect it provides that if any lands have been omitted from the duplicate in former years, "or if any such property has escaped taxation by reason of any error of said auditor, it shall be the duty of such auditor" * * * "to add to the taxes of the current year, the simple taxes of each and every preceding year in which such property shall have escaped taxation, as far back as the next preceding decennial appraisement and equalization of real estate in his county, unless in the meantime such property shall have changed ownership, in which case only the taxes chargeable since the last change of ownership shall be added." If this be the only authority of the auditor to add back taxes to the duplicate, we think it clear that it did not authorize a tax which was for the year 1886, to be charged against this lot 32, to which the plaintiff acquired the title in 1889 and '90, before such re-assessment was made.

By secs. 2910 and 2908, the purchaser of land at a sale of forfeited lands becomes the assignee of the state, and the deed executed to him is *prima facie* evidence of title in the purchaser. It would, we think, be manifestly unjust and against the policy of the law, that after a purchase of the title of the state, at such a sale, the auditor should have the right to charge such land with taxes of a former year, by his mistake omitted from the duplicate, and make it liable in the hands of the purchaser for a burden of which he had no knowledge when he purchased, and for which the land did not appear to be bound.

Decree for plaintiff as prayed for.

C. W. Baker, for plaintiff.

County Solicitors, for defendants.